```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Andrew A. Rogers,                  :

    Plaintiff,                 :

  v.                              :   Case No. 2:13-cv-352

                                          :   JUDGE JAMES L. GRAHAM
Commissioner of Social Security,       Magistrate Judge Kemp

    Defendant.                 :

## REPORT AND RECOMMENDATION

By agreement of the parties, this case was remanded to the Commissioner on October 17, 2013, pursuant to 42 U.S.C. §405(g), sentence four.  On October 30, 2013, Plaintiff filed a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412.  Despite the passage of time for filing a responsive memorandum, the Commissioner has not responded.  It is the Commissioner's burden, in response to a motion for fees under the EAJA, to demonstrate that the Commissioner's litigation position was substantially justified. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified").  In the absence of an opposing memorandum, the Commissioner cannot satisfy that burden. See, e.g., Libas, Ltd. v. United States, 314 F.3d 1362, 1366 (Fed. Cir. 2003)("when the government fails to advance any reasoning showing its position was substantially justified, the court ... may grant the motion by relying on the government's failure to timely submit any evidence or explanation to carry its burden of proving its position was substantially justified as an admission

...").

Once it has been determined that a social security claimant is entitled to fees under the EAJA, the only remaining questions are the reasonableness of the hours expended and whether the hourly rate falls within the statutorily-authorized range. Plaintiff seeks $3,964.40 for 21.2 hours of work, billed at the rate of $187.00 per hour. Nothing in the statement of hours expended appears unreasonable. As far as the hourly rate is concerned, Plaintiff's attorney was awarded fees at the rate of $183.75 per hour in another recent case in this Court, Smith v. Commissioner of Social Sec., 2013 WL 5423912 (S.D. Ohio Sept. 26, 2013), *adopted and affirmed* 2013 WL 5657821 (S.D. Ohio Oct. 16, 2013). The record in this case is similar concerning increases in the cost of living, and the Court adopts Magistrate Judge King's findings in Smith to the extent that they justify an increase in the hourly rate beyond the $125.00 rate set forth in the EAJA. Other judges in this District have awarded similar amounts. See, e.g., Buck v. Astrue, 2013 WL 765604 (S.D. Ohio Feb. 28, 2013)($182.50); see also Cassidy v. Comm'r of Social Security, 2013 WL 6835290 (S.D. Ohio Dec. 26, 2013)($180.48). Also, in the absence of any countervailing information, the Court adopts Plaintiff's computation of the cost of living index increase as set forth in Attachment B to the motion (although the precise figure derived from that calculation, as the Court has performed it, is $186.95, but the Court will accept Plaintiff's methodology of using only three significant digits to the right of the decimal point). Thus, the total amount requested is reasonable and allowable, and should be awarded.

It is therefore recommended that Plaintiff's Application of Attorney Fees under the Equal Access to Justice Act (EAJA) (Doc. 23) be granted and that Plaintiff be awarded the sum of $3,964.40, to be paid to Plaintiff unless there is an offsetting

debt owed to the United States.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge